IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. ALBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, ALLEGED SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE NATIONAL ASSOCIATION AS TRUSTEE FOR GSAMP TRUST 2007-NCI MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NCI, & PHH MORTGAGE CORPORATION, | § § § § § § § § § § § | CASE NO. 4:20-cv-1457 |
| Defendants. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Defendants U.S. Bank National Association, as successor in interest to Bank of America, National Association, Successor by Merger to LaSalle National Association as Trustee for GSAMP Trust 2007-NCI Mortgage Pass-Through Certificates, Series 2007-NCI and PHH Mortgage Corporation ("*Defendants*") and Plaintiff Michael J. Albert ("*Plaintiff,*" collectively, the "*Parties*") hereby file this Joint Discovery/Case Management Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and would respectfully show as follows:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel for each party.

   **Response: Greg DeVries on behalf of Defendants and G. Scott Williams on behalf of Plaintiff conferred via email on January 4, 2020.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**Response: None.**

3. Briefly describe what this case is about.

   **Response: Plaintiff alleges defects in his home equity loan and seeks an order declaring the lien on his homestead void. Specifically, Plaintiff alleges the documents which evidence his home equity loan all contain forged signatures, and that somebody stole his identity to obtain the home equity loan. Defendants allege the home equity loan and the lien on Plaintiff's homestead are valid and fully enforceable**.

4. Specify the allegation of federal jurisdiction.

   **Response: This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because it is a case between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.**

5. Name the parties who disagree and the reasons.

   **Response: The parties agree on the jurisdictional allegations.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted. Specify the dates for joining the additional parties.

   **Response: None.**

7. List anticipated interventions.

   **Response: None.**

8. Describe issues presented for class-action issues.

   **Response: None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Response: Plaintiff and Defendants have agreed to complete Rule 26(a) initial disclosures by January 15, 2021.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f);
    B. When and to whom the plaintiff anticipates it may send interrogatories;
    C. When and to whom the defendant anticipates it may send interrogatories;
    D. Of whom and by when the plaintiff anticipates taking oral depositions;
    E. Of whom and by when the defendant anticipates taking oral depositions;

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date.

**Response: A. The parties do not anticipate any issues regarding discovery.**

**B. Plaintiff anticipates sending interrogatories to Defendants, if necessary, no later than 30 days before the discovery deadline set by this Court.**

**C. Defendants anticipate sending interrogatories to Plaintiff, if necessary, no later than 30 days before the discovery deadline set by this Court.**

**D. Plaintiff will take Defendants' corporate representative depositions, if necessary, no later than 30 days before the discovery deadline set by this Court.**

**E. Defendants will take Plaintiff's deposition, if necessary, no later than 30 days before the discovery deadline set by this Court. Defendants also anticipate deposing various notaries that notarized other documents signed by Plaintiff that appear in the real property records for his residence.**

**F. Plaintiff will designate expert witnesses, if necessary, no later than the deadline imposed by this Court. Defendant anticipates designating an expert witness, if necessary, no later than 45 days following Plaintiff's expert witness designation**

**G. Plaintiff anticipates completing expert depositions no later than the discovery deadline set by the Court.**

**H. Defendants anticipate completing expert depositions no later than the discovery deadline set by the Court.**

11. If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.

    **Response: The Parties agree on the discovery plan.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **Response: Defendants have issued a subpoena to Esther Zapata, the individual that notarized Plaintiff's loan documents. Defendants filed a Motion to Compel Compliance with Subpoena, which the Court granted on January 4, 2021.**

13. State the date the planned discovery can be reasonably completed.

    **Response: The Parties believe discovery can be completed by September 30, 2021.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Response: The Parties believe settlement may be possible through informal settlement negotiations.**

15. Describe what each party has done or agreed to do to being about a prompt resolution.

    **Response: Defendants have inquired about whether Plaintiff is interested in a loan modification.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    **Response: At this time, the Parties prefer to continue to engage in informal settlement discussions. Should informal settlement negotiations fail to bring about settlement, the Parties may be open to mediation at a later date.**

17. Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on trial before a magistrate judge.

    **Response: The parties do not consent to trial before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

    **Response: Plaintiff made a jury demand on May 7, 2020.**

19. Specify the number of hours it will likely take to present the evidence in this case.

    **Response: The parties anticipate that the presentation of evidence will take 4-5 days.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference and any other pending motions.

    **Response: None.**

21. List other motions pending.

    **Response: None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **Response: None.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Response: Defendants filed their Certificate of Interested Parties on April 24, 2020. Plaintiff will file his Certificate of Interested Parties on or before January 5, 2021.**

24. List the names, bar numbers, addresses, and telephone numbers, of all counsel.

    Response:

    **BRIAN PAINO**
    State Bar No. 24065862
    bpaino@mcglinchey.com
    **MCGLINCHEY STAFFORD**
    18201 Von Karman Ave, Ste 350
    Irvine CA 92612
    Telephone : (949) 381-5900
    Facsimile: (949) 271-4040

    **GREG DEVRIES**
    State Bar No. 24105802
    **MCGLINCHEY STAFFORD**
    1001 McKinney, Suite 1500
    Houston, Texas 77002
    Telephone : (713) 520-1900
    Facsimile: (713) 520-1025
    gdevries@mcglinchey.com
    *COUNSEL FOR DEFENDANTS*


    G. Scott Williams
    State Bar No. 21536950
    1811 Bering, Suite 120
    Houston, Texas 77057
    Telephone: (713)-553-3054
    Facsimile: (713)-626-4545
    gswms@hotmail.com

    *COUNSEL FOR PLAINTIFF*


/s/ Greg DeVries           1/4/21
Counsel for Defendants(s)          Date

/s/ G. Scott Williams      1/4/21
Counsel for Plaintiff(s)           Date